UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MAYNARD, ET AL.,

    Plaintiff,

v.

MODERN INDUSTRIES, INC., ET AL.,

    Defendants.

    _____/

Case No. 18-12523

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER CONSTRUING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [5] AS A MOTION TO DISMISS AND DENYING THE MOTION**

Plaintiffs, three employees of Defendant, Modern Industries, Inc., bring this suit for unpaid overtime pursuant to the federal Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq*. Defendant filed a motion pursuant to FED. R. CIV. P. 12(b)(6) asking the Court to dismiss the action. Though the motion was labelled a motion for summary judgment, it will be construed as a motion to dismiss, as the motion's standard of review section is that of a motion to dismiss, not a Rule 56 motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs—Ronald Maynard, Ray Monroe, and David Tornow—allege that they were routinely underpaid during their time working for Defendant, a concrete supply company based in Flint, MI. Because this motion is brought under FED. R. CIV. P.

12(b)(6), all of Plaintiffs' plausible allegations will be taken true. Maynard was employed as a driver from March 2013 to October 2017. (Compl. ¶ 10). He worked 50-60 hours per week and by the end of his employ was paid $23.00 per hour. (Id. ¶¶ 13-14). Monroe worked for Defendant from July 2015 to April 2018. (Id. at ¶ 21). He was paid $23.50 per hour by the end of his employment and worked 70-80 hours per week. Tornow was employed from July 2014 to September 2015, and his final wage was $24.25 per hour. (Id. at ¶¶ 32 & 36). He worked 70 hours per week. (Id. at 37).

All three plaintiffs allege that they were underpaid because although they routinely worked through their daily 30-minute lunch break, they were not paid for that time. (Compl. ¶¶ 15, 26, & 38). They filed this suit on August 14, 2018. [Dkt. # 1]. Defendants filed this Motion [5] on August 31, 2018. The motion is now fully briefed, and the Court finds it suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

## ANALYSIS

### I. The Collective Bargaining Agreement's Grievance and Arbitration Procedure

The Collective Bargaining Agreement ("CBA") between Teamsters Local 332, the union to which Plaintiffs belong, and Modern Concrete, provides for an arbitration and grievance procedure. (CBA Art. 10). The CBA explains,

> A grievance shall be defined to be any complaint, or dispute arising as to the interpretation, application, or observance of any of the provisions of this Agreement. It is mutually agreed that all grievances arising under and during the term of this Agreement shall be settled in accordance with the procedure herein provided and that there shall at no time be any strikes, tie-ups of

equipment, slowdowns, walk-outs or any other cessation of work through the use of any method of lockout or legal proceeding.

(CBA Art. 10 § 1).

Defendant argues that the complaint clearly arises out of the CBA, even though the CBA is not mentioned by name. The unpaid lunch-break that Plaintiffs allege that they regularly worked through are described under Art. 5 § 5 of the CBA: Lunch Period. A dispute as to whether an employee did or did not work during his lunch break arise from the "interpretation, application, or observance" of the CBA. Putting aside Defendant's failure to even mention the Federal Arbitration Act in its motion, compelling arbitration is not appropriate where the arbitration clause at issue did not clearly foreclose filing suit.

Courts have long held that employees have individual labor rights under the FLSA that are separate and distinct from their collective rights under a collective bargaining agreement. *Vega v. New Forest Home Cemetery, LLC*, 856 F.3d 1130, 1134 (7th Cir. 2017) ("[A]n employee's statutory rights are distinct from his contractual rights and as such must be analyzed separately with respect to his right to enforce them in court."). An employee's participation in a collective agreement to arbitrate disputes arising from a collective bargaining agreement does not automatically preclude that employee from vindicating his or her FLSA rights in federal court, even where the rights provided are identical (e.g., time-and-a-half compensation for hours worked over a forty-hour work week.). "While courts should defer to an arbitral decision where the

employee's claim is based on rights arising out of the collective bargaining agreement, different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers." *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 450 U.S. 728, 737 (1981). The *Barrentine* Court went on to note that since unions are called on to balance individual and collective interests, and because arbitrators may be better versed in "the law of the shop, not the law of the land," employees should retain the option to pursue their individual statutory rights in federal court, even where there is an option for redress by union-sponsored arbitration. *Id*. at 742-43.

As Defendant observes, the Supreme Court ruled in *Epic Systems v. Lewis*, 138 S. Ct. 1612 (2018) that mandatory arbitration clauses are enforceable even where the employee seeks to vindicate claims arising from the Fair Labor Standards Act. *Lewis* dealt with a contract that unambiguously provided that arbitration was the exclusive remedy for disputes between employer and employee. *Id*. at 1619-20. A contract that does not clearly disavow the parties' access to federal court cannot compel arbitration, however. "The language of the agreement … must be clear and unmistakable in order for it to be enforced against an employee who wishes to bypass the contractual dispute resolution process in favor of a judicial forum." *Vega*, 856 F.3d at 1134 (citing 14 *Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 274 (2009)).

The language of the CBA between Teamsters Local 332 and Modern Concrete does not clearly provide that arbitration is an exclusive remedy for all disputes arising

between employee and employer. Instead, the arbitration and grievance procedure is specifically cabined to disputes arising from the "interpretation, application, or observance" of the CBA. This language would not put an employee on notice that he or she was surrendering the ability to litigate the deprivation of any statutory rights that were also protected by the CBA. Further, the grievance procedure is established as an alternative to collective action that the union might take to vindicate its rights under the CBA ("strikes, tie-ups of equipment, slowdowns, walk-outs or any other cessation of work through the use of any method of lockout or legal proceeding"). Legal proceedings are only mentioned as a means of collective work cessation. If the contracting parties wanted to funnel all disputes arising between employer and employee to the grievance and arbitration procedure, they could have said as much. They did not, and the fact that Plaintiffs' claims touch on issues that could also be brought to arbitration by their union is not grounds for dismissal.

## II. Sufficiency of the Pleadings

Defendant argues that the complaint fails to meet the pleadings standard outlined in *Iqbal* and *Twombly*, and therefore should be dismissed under Rule 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678.

Though *Iqbal* required more detailed pleadings of plaintiffs, it did not change FED. R. CIV. P. 8(a)'s requirement that a pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement can be onerous where the grounds for relief are complex and multifaceted, such as in *Gifford v. Meda*, 2010 WL 1875096 (E.D. Mich. 2010) (requiring more detailed pleadings for allegations of civil conspiracy under RICO). It can be fatal when a complaint alleges only, for instance, "Defendants paid Plaintiffs just their regular hourly rate of pay for hours worked over 40 in a week...and failed to pay Plaintiffs one and one half times their regular rates of pay for all hours worked over 40 in a week." *Hall v. Plastipak*, 2015 WL 5655888, at *3 (E.D. Mich. Sept. 25, 2015) (dismissing a complaint for lack of specificity). This case, by contrast, is a straightforward overtime case, and Plaintiff alleges the time increments for which they were underpaid (the thirty-minute lunch breaks) and the reason for their underpayment (their lunch breaks were deducted from their wage calculations).

Plaintiffs have pled their hourly wages and their dates of employment, and their omission of specific dates on which they worked through their lunch breaks is not fatal to their claims. *Iqbal* does not require FLSA plaintiffs to plead specific dates on which they were deprived of overtime. *See Roberts v. Corrections Corp. of America*, 2015 WL

3905088 (M.D. Tenn. June 25, 2015); *Pope v. Walgreen Co.,* No. 3:14–CV–439, 2015 WL 471006 (E.D. Tenn. Feb.4, 2015); *Potts v. Nashville Limo & Transp.*, 2014 WL 7180164, at *2 (M.D. Tenn. Dec.16, 2014); *Burton v. Appriss, Inc.,* 2013 WL 6097107, at *3 (W.D. Ky. Nov. 18, 2013); *Miller v. AT & T Corp*. 2013 WL 5566698, at *2 (N.D. Ohio Oct. 9, 2013). The pleadings provide ample notice of the three plaintiffs' claims against their former employer, and Defendant's questions as to the nature of these claims can be answered in the course of discovery.

Defendant also argues that Plaintiffs do not make any factual allegations that Defendant willfully violated the FLSA. The Fair Labor Standards Act provides that a cause of action arising from its willful violation may be brought within a statute of limitations of three years. 29 U.S.C. § 255. The statute of limitations for non-willful violations is only two years. Id.

A plaintiff is not required to plead his way around a statute of limitations before it is even raised. Statutes of limitations are affirmative defenses, not elements of a cause of action. *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). If they are not raised, they are waived. *Id*. Plaintiffs have no burden to anticipate the defendant's assertion of a statute of limitations defense. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (finding in a FLSA case that "[t]he Secretary was under no obligation to anticipate and negate this affirmative defense in the complaint."). Defendant has raised the affirmative defense that non-willful violations of the FLSA are subject to a two-year statute of limitations. The parties can now litigate the issue.

## CONCLUSION

Plaintiffs have adequately pled that their rights under the Fair Labor Standards Act were violated when Defendant deducted their lunch time from their wages. Though overlapping in substance, Plaintiffs' statutory rights are legally distinct from those rights that its union may enforce with arbitration under their Collective Bargaining Agreement. There are therefore no grounds to compel arbitration.

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [5] is **DENIED.**

**SO ORDERED**.

                                          s/Arthur J. Tarnow
                                          Arthur J. Tarnow
Dated: June 12, 2019                Senior United States District Judge